IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROGER C. FRANCK, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 05-1450-MO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**MOSMAN, J.,**

Plaintiff Roger Franck seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1948, Mr. Franck completed high school. Tr. 49, 77.[1] Between 1982 and 2002 Mr. Franck worked as a piano and organ builder, an "underground" worker, and a property caretaker. Tr. 72. Hearing testimony shows he also worked as a brake press operator, sheet metal worker, wire stripper, and envelope stuffer. Tr. 668-72.

Mr. Franck alleges disability since December 2000 due to unspecified back, hip, neck, left foot, and shoulder impairments, as well as post-traumatic stress disorder. Tr. 71. Mr. Franck's application was initially denied. Tr. 24-28, 626-30. After Mr. Franck's hearing before an Administrative Law Judge ("ALJ"), the ALJ found Mr. Franck could return to his past relevant work and therefore is not disabled. Tr. 21. Mr. Franck seeks review of this finding.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve month] duration requirement." 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer January 25, 2006 (Docket #10).

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling ("SSR") 96-8p. The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that jobs exist in the national economy in the claimant's residual functional capacity. *Id.* If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1566, 416.920(g).

Mr. Franck challenges the ALJ's evaluation of some of the evidence and his conclusions at step four.

3 - OPINION AND ORDER

## THE ALJ'S FINDINGS

The ALJ found Mr. Franck's statements concerning his limitations and their impact upon his ability to work "not entirely credible" in light of the medical evidence and inconsistencies in his testimony.   Tr. 19, 21.   The ALJ evaluated Mr. Franck's RFC as follows:

> [T]he claimant retains the residual functional capacity to lift and carry thirty  pounds occasionally and ten pounds frequently.  He is able to stand and/or walk for about four hours in an eight-hour workday, and is able to sit for four hours in an eight-hour workday. He could occasionally climb stairs, balance, stoop,  bend, and crouch, squat, kneel and crawl.

Tr. 20.

At step four, the ALJ found that Mr. Franck's RFC did not preclude him from performing his past relevant work as an envelope stuffer or wire stripper.  Tr. 21.  The ALJ solicited testimony from a vocational expert ("VE") who confirmed Mr. Franck could return to this work. Tr. 672.  Accordingly, the ALJ determined Mr. Franck was not disabled under the Act at any time through the date of the ALJ's decision.  Tr. 21.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision where it is supported by substantial evidence in the record and the Commissioner applied proper legal standards.  42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The court must weigh "'both the evidence that supports and [that which] detracts from the ALJ's conclusion.'"  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir.1989)).  "[T]he court may not substitute its judgement for that of the Commissioner."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable

interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational

reading. *Magallanes*, 881 F.2d at 750; *Batson*, 359 F.3d at 1193.

## DISCUSSION

Mr. Franck contends the ALJ failed to accurately assess his RFC because the ALJ did not

properly apply the provisions established SSR 96-8p, 1996 WL 374184.  He also claims the ALJ

improperly addressed lay witness testimony and erred in finding he could return to his past

relevant work at step four.  Mr. Franck does not challenge the credibility assessment of his own

testimony.

**1.       Social Security Ruling 96-8p**

SSR 96-8p sets out the "Social Security Administration's policies and policy

interpretations regarding" RFC assessments.  1996 WL 374184, *1.  Mr. Franck contends the

ALJ improperly applied SSR 96-8p in assessing his RFC.  Mr. Franck specifically suggests that

the ALJ erred in finding he could maintain "regular and continuing" employment.  He also argues

the ALJ erred in failing to include limitations identified by examining physician Dr. Hook or

properly account for side effects of his medications.  Finally, Mr. Franck suggests SSR 96-8p

establishes that the ALJ failed to order a consultative examination.  *Id.* at 8.

**a.       *"Regular and Continuing Employment"***

SSR 96-8p states: "The RFC assessment considers only functional limitations and

restrictions that result from an individual's medically determinable impairment or combination of

impairments, including the impact of any related symptoms."  RFC limitations must be supported

by medical and other evidence of record.  20 C.F.R. §§ 404.1545(a), 416.945(a).  The analysis

must also account for any pain testimony unless the ALJ appropriately finds the claimant not credible. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); 20 C.F.R. §§ 404.1545(a), 416.945(a).

Mr. Franck contends his need for daily three-hour naps and allegations of constant pain were not properly accounted for in the ALJ's RFC assessment. However, Mr. Franck fails to identify any evidence other than his own testimony suggesting he requires a daily nap. No evidence in the medical record suggests this limitation. As for his pain allegations, the ALJ found Mr. Frank not credible because his allegations were inconsistent with the medical record and because Mr. Franck did not seek treatment for his alleged pain. Tr. 19. Mr. Franck does not challenge this credibility finding, and I find the ALJ's credibility assessment was conducted under the proper legal standards. Therefore, the ALJ was not required to include Mr. Franck's subjective limitations regarding pain and fatigue in the RFC assessment. *Smolen*, 80 F.3d at 1284.

### b.    *Examining Physician Dr. Hook*

Mr. Franck also submits the ALJ failed to incorporate all the limitations identified by Dr. Hook. In September 2002, Dr. Hook found:

> Based on his demonstrated functional abilities, [Mr. Franck] should be able to lift and/or carry occasionally 30 pounds, frequently 10 pounds. He should be able to stand and/or move about 4 hours per day, sit about 4 hours per day. He should be able to occasionally climb the stairs with hand rails, balance, stoop, and bend, crouch and/or squat at least 1/2 down as well as occasionally kneeling and crawling. His back pain will increase with lifting and it would be good if this could be spaced out over a period of a shift if he were going to be doing lifting as opposed to be concentrated off into one part of a shift.

Tr. 452.

The ALJ's RFC assessment incorporated Dr. Hook's suggested lifting limits, Tr. at 20, but it did not include his comment regarding weight bearing activity throughout a shift. However, because Dr. Hook's comment about Mr. Franck's back pain is based on Mr. Franck's subjective statements, and the ALJ appropriately found Mr. Franck not credible, the ALJ was not required to include Dr. Hook's additional comment in the RFC assessment. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). In any event, Dr. Hook's discussion of lifting throughout a shift is more properly viewed as a suggestion, rather than a medically determinable limitation.

Mr. Franck also suggests the ALJ improperly failed to include a reaching restrictions in his RFC. Again, Mr. Franck does not point to any medical evidence supporting such a restriction. Dr. Hook found no significant reaching restrictions, noting only that the surgical history on Mr. Franck's right shoulder would "limit him in heavy, repetitive and/or overhead work with the right shoulder but otherwise not limit him." Tr. 452. The ALJ's assessment includes "medium" work with "occasional" lifting and carrying, and this is consistent with Dr. Hook's findings. Tr. at 20.

In addition, other than Dr. Hook the medical record is silent concerning reaching restrictions. Physicians treating Mr. Franck during and after his shoulder surgery found his range of motion "good" and did not establish any permanent reaching restrictions. Tr. at 363-72, 380-83. Subsequent treating physicians noted Mr. Franck's subjective pain complaints, but did not identify any work restrictions. Tr. 408-09, 425, 427. Concurrent imaging studies revealed no structural abnormalities. Tr. 423. The opinions of these treating physicians are accorded greater

weight than Dr. Hook, an examining physician. *Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). For these reasons, to the extent Dr. Hook identified a reaching limitation, it is not supported by the record. The ALJ is not required to include unsupported aspects of a physician's opinion in his findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Any omission in articulating this finding is harmless, and this court will not reverse an ALJ's decision for harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

      *c.*     *Medication Side Effects*

Mr. Franck also suggests the ALJ failed to properly consider the side effects of his medications. Ordinarily, the ALJ must consider established medication side effects in his RFC assessment. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-8p, 1996 WL 374184, *5. However, Mr. Franck does not point to any medical evidence documenting side effects of his medication. At his hearing, Mr. Franck testified that his medications caused "a little" nausea. Tr. at 661. Again, because the ALJ appropriately found Mr. Franck not credible, the ALJ was not obligated to include such symptom testimony in the RFC analysis. *See Smolen,* 80 F.3d at 1284.

      *d.*     *Consultative Examinations*

Mr. Franck suggests the ALJ should have ordered a consultative examination because he alleges his back impairment is a progressive condition. The burden of establishing disability and providing evidence of disability rests upon the claimant. *Yuckert*, 482 U.S. at 146; *Tackett*, 180 F.3d at 1098. The ALJ's duty to develop the record is triggered when ambiguities arise. *Bayliss*, 427 F.3d at 1217. Here, there is no ambiguity. Dr. Hook's opinion regarding lifting restrictions, discussed above, is adequately supported. 2004 Veteran's Administration ("VA") records show

reports of bilateral knee pain with a normal knee imaging study.  Tr. 594, 613-14, 619.  The VA

records reveal no other musculoskeletal complaints for the relevant period.  Tr. 555-63, 594-619.

Because these records cover Mr. Franck's treatment throughout the period in question, the

medical record is sufficiently developed and the ALJ was not obligated to order a consultative

examination under SSR 96-8p.

**2.     Lay Witness Testimony**

Mr. Franck suggests the ALJ failed to properly evaluate statements submitted by Glenda

Brueck  under SSR 88 -13 and "established case law."  The ALJ found Ms. Brueck "generally

credible to the extent she is reporting her observations of the behaviors the claimant

demonstrates."  Tr. 20.

The ALJ has a duty to consider lay witness testimony.  *Lewis v. Apfel*, 236 F.3d 503, 511

(9th Cir. 2001); 20 C.F.R. §§ 404.1513(d)(4); 404.1545(a)(3); 416.913(d)(4); 416.945(a)(3).

Friends and family members in a position to observe the claimant's symptoms and daily activities

are competent to testify regarding the claimant's condition.  *Dodrill v. Shalala*, 12 F.3d 915, 918-

19 (9th Cir. 1993).  The value of lay witness testimony lies in their eyewitness observations,

which may "often tell whether someone is suffering or merely malingering."  *Id.* at 919.  The ALJ

may not reject such testimony without comment, but he may reject lay testimony inconsistent

with the medical evidence.  *Lewis*, 236 F.3d at 512, *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th

Cir. 1996).  If an ALJ rejects lay witness testimony entirely, he must give reasons germane to the

witness.  *Id.*

As stated above, the ALJ did not discredit Ms. Brueck, finding her "generally credible to

the extent she is reporting her observations of the behaviors the claimant demonstrates." Tr. 20.
The ALJ did find, however, that some of Ms. Brueck's statements were unsupported by the
medical record and the opinions of Mr. Franck's treating and examining physicians. *Id.* This
includes her statements regarding Mr. Franck's daily naps. Tr. 86. Finding such statements
unsupported by the medical record is an acceptable reason to reject aspects of lay witness
testimony. *Lewis*, 236 F.3d at 512, *Nguyen*, 100 F.3d at 1467. Thus, Mr. Franck's submission
that the ALJ failed to accurately assess Ms. Brueck's testimony fails.

3.      **The ALJ's Step Four Finding**

        Finally, Mr. Franck suggests the finding that he could return to his past relevant work
contradicts SSR 82-62 and SSR 96-8p. He claims the ALJ's step four finding is not supported by
substantial evidence because the ALJ failed to make specific findings of fact comparing
Mr. Franck's RFC with the physical and mental demands of his past relevant work.

        At step four, it is appropriate to consider the claimant's work as he performed it, rather
than relying on generic job descriptions. SSR 82-61, 1982 WL 31387, *1-2; SSR 82-62, 1982
WL 31386, *3. The nature of a claimant's past relevant work may be established via claimant's
testimony or the *Dictionary of Occupational Titles* ("*DOT*"). SSR 82-62, 1982 WL 31386, *3.
Here, the VE referred to the *DOT* in describing Mr. Franck's past work as a wire stripper and
envelope stuffer. Tr. 671. The ALJ noted this testimony in his discussion. Tr. 20. He also
specifically noted the exertion and skill level required for Mr. Franck's past relevant work. *Id.*
While an ALJ must give adequate reasoning for his decision, an ALJ is not required to
exhaustively discuss each piece of evidence. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.

2003).  Here, I find the ALJ made an adequate comparison between Mr. Franck's RFC and his past relevant work.

## **CONCLUSION**

The Commissioner's decision finding Mr. Franck not disabled and therefore not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence.  The Commissioner's decision is AFFIRMED, and the case is DISMISSED.

IT IS SO ORDERED.

Dated this  _18th_  day of September, 2006.

/s/ Michael W. Mosman_____
Michael W. Mosman
United States District Judge

11 - OPINION AND ORDER